IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,257-01 & WR-68,257-02






EX PARTE RUBEN PINEDA, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. B-24,279-A & B-24,280-A 

IN THE 161ST JUDICIAL DISTRICT COURT

FROM ECTOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges
of aggravated robbery and was sentenced to thirty years' imprisonment. He did not appeal his 
convictions.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to interview and subpoena alibi witnesses. In support of his claim, Applicant has provided
copies of three affidavits from witnesses who claim that they were with Applicant during the times
of these offenses and were willing to so testify, but that they were never contacted by Applicant's trial
and their contact information prior to trial, but that counsel never contacted any of them.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel was aware of the
existence of the alleged alibi witnesses at the time of trial, and if so whether he made any attempt to
interview or contact those witnesses. If counsel was aware that there were witnesses willing to
provide Applicant with alibis for both of these charges, the trial court shall make findings of fact as
to why counsel advised Applicant to plead guilty to these offenses. The trial court shall make findings
of fact as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 26, 2007

Do not publish